UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DALE HIGGINS, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-6594** |
| **NMI ENTERPRISES, INC, et al.** | **SECTION: "G"(4)** |

## ORDER AND REASONS

Before the Court is Plaintiffs Dale Higgins, Roger Smith, Melanie Wallace, and Wright Avenue, L.L.C.'s (collectively "Plaintiffs") Motion for New Trial,[1] wherein they request that this Court amend its prior order dismissing the claims against Defendant Laurie Felton ("Felton") on the grounds of prescription and expiration of the statute of limitations periods.[2] Also before the Court is another Motion for New Trial[3] submitted by Plaintiffs, wherein they request that this Court amend its prior order dismissing the claims against Defendants Nitzan Mendelbaum ("Mendelbaum") and DROR International, L.P. ("DROR") on the grounds of *res judicata,* and also dismissing the claims of Plaintiff Melanie Wallace ("Wallace") for failure to meet her pleading requirement and provide a plain statement demonstrating her entitlement to relief.[4] In addition, pending before this Court are Defendant Tracy W. Begnaud's ("Begnaud") Motion for Summary Judgment - Wiretap Act,[5] Motion for Summary Judgment - Computer Fraud and Abuse Act,[6] and Motion to Dismiss Party,[7] wherein

---

[1] Rec. Doc. 100.

[2] *See* Rec. Doc. 86.

[3] Rec. Doc. 85.

[4] *See* Rec. Doc. 80.

[5] Rec. Doc. 83.

[6] Rec. Doc. 84.

[7] Rec. Doc. 88.

Begnaud also seeks her dismissal from this action based on the Court's Order and Reasons dismissing the claims against Laurie Felton on the grounds of prescription and expiration of the statute of limitations periods.

In the Court's prior Order and Reasons ruling on Laurie Felton's Motion to Dismiss, the Court rejected her arguments regarding *res judicata*, collateral estoppel, and lack of service, but found merit in her arguments relating to prescription and expiration of the statute of limitation periods.[8] Central to Felton's arguments and the Court's analysis regarding when Plaintiffs had knowledge of their potential claims, was a Citizen's Complaint filed by Plaintiff Roger Smith with the Louisiana Office of the Attorney General.[9] While Plaintiffs did not dispute that Roger Smith submitted the Citizens Complaint, or object to its consideration upon a motion to dismiss, upon reviewing the record, the Court is concerned that Felton's motion to dismiss may not be the proper procedural mechanism for this Court to address the implications of the undisputed Citizen's Complaint, as it is a matter outside of the pleadings.[10] Therefore, the Court will reconsider its order on this issue.

Pursuant to Federal Rule of Civil Procedure 56(f)(3), a Court may grant summary judgment independent of a motion after identifying for the parties material facts that may not be genuinely in dispute, so long as the Court gives notice and a reasonable time to respond. While the Citizen's Complaint is a matter outside of the pleadings, in Plaintiffs' opposition to Felton's motion to dismiss

---

[8] Rec. Doc. 86.

[9] *See id.* at pp. 15-22.

[10] *See Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990) ("[Upon a motion to dismiss] [w]e may not go outside the pleadings."); *see also Partridge v. Two Unknown Police Officers of City of Houston, Tex.*, 791 F.2d 1182, 1185 (5th Cir. 1986) ("The district court styled its action as a dismissal under Fed.R.Civ.P. 12(b)(6). In reviewing such a dismissal, we may not go outside the pleadings.").

and in Plaintiffs' own motion to reconsider the Court's order dismissing the claims against Felton, Plaintiffs did not appear to dispute the existence of the Citizen's Complaint, the date it was submitted, or its contents.[11] Therefore, this Court believes that it has identified "material facts that may not be genuinely in dispute" with regard to the Citizen's Complaint, which may bear on the issues of prescription of Plaintiffs' state law claims and the statute of limitations periods for Plaintiffs' federal claims; accordingly, the Court hereby provides the parties notice and a reasonable time to respond to this issue before it renders judgment.[12]

Additionally, the issues and possible defenses raised by Felton regarding the Citizen's Complaint are relevant for all defendants in this matter. Therefore, the Court finds that it would be in the interest of judicial economy and most efficient to address this issue first. Moreover, if Felton's allegations made relative to the Citizen's Complaint are not in dispute and she is entitled to summary judgment in her favor, Plaintiffs' motion to reconsider this Court's dismissal of all claims against Defendants Mendelbaum and DROR, and dismissal of all of Plaintiff Wallace's claims for failure to demonstrate her entitlement to relief with a short plain statement, would be moot. The Court will address this issues if necessary after it resolves the issues surrounding the Citizen's Complaint. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for New Trial[13] is **GRANTED**, in so far as this Court will reconsider the dismissal of Felton based on prescription and the expiration of the statute of limitations periods, after the parties have had an opportunity to respond to this order;

---

[11] *See* Rec. Doc. 73 at pp. 16-17; Rec. Doc. 100-1.

[12] *See* Fed. R. Civ. P. 56(f)(3).

[13] Rec. Doc. 100.

3

**IT IS FURTHER ORDERED** that Plaintiffs' response regarding the facts and legal issues implicated by the Citizen's Complaint is due by the end of the day on **July 24, 2013;**

**IT IS FURTHER ORDERED** that all defendants' responses are due by the end of the day on **August 7, 2013**;

**IT IS FURTHER ORDERED** that all other pending motions[14] are **DENIED WITHOUT PREJUDICE** and the parties are granted leave to refile these motions, if necessary, after the Court has issued a ruling on the issues concerning the Citizen's Complaint.

**NEW ORLEANS, LOUISIANA**, this 25th day of June, 2013.

                                      **NANNETTE JOLIVETTE BROWN**
                                      **UNITED STATES DISTRICT JUDGE**

---

[14] Rec. Doc. Nos. 83, 84, 85, 88.